UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

LEROY PEOPLES,

                         Plaintiff,

    -against-                                        9:18-CV-1349 (LEK/ML)

GINA R. LEON, *et al.*,

                         Defendants.

## MEMORANDUM-DECISION AND ORDER

**I.    INTRODUCTION**

Pro se plaintiff Leroy Peoples, an inmate in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS") at Great Meadow Correctional Facility ("Great Meadow C.F."), brings this action against Defendants Offender Rehabilitation Coordinator ("ORC") Gina R. Leon, New York State Board of Parole ("Board") Commissioner Ellen E. Alexander, Board Chairwoman Tina M. Stanford, Board Commissioner Jane Doe, and Board Commissioner John Doe, in their individual and official capacities, asserting claims pursuant to 42 U.S.C. § 1983 for violations of his First and Fourteenth Amendment rights in connection with the imposition of certain special conditions of parole (the "Special Conditions"). Dkt. Nos. 1 ("Complaint"); 1-1 ("Peoples' Memorandum of Law"). On July 17, 2020, Defendants filed a motion for summary judgment. Dkt. Nos. 71 ("Motion"); 71-29 ("Defendants' Memorandum of Law"). In a Report-Recommendation issued on January 4, 2021, the Honorable Miroslav Lovric, United States Magistrate Judge, granted Defendants' Motion in part and denied it in part. Dkt. No. 89 ("Report-Recommendation"). For the reasons that follow, the Court adopts the Report-Recommendation in its entirety.

## II.  BACKGROUND

The facts are detailed in the Report-Recommendation, familiarity with which is assumed. For convenience, the Court outlines the facts here and discusses other factual details as necessary throughout this Memorandum-Decision and Order.

Peoples was sentenced in 2005 to a term of imprisonment based on convictions for two instances of rape. See R. & R. at 4. The sentences were to run concurrently, with the longer being sixteen years. See id. The sentencing court certified Peoples as a "Sex Offender" pursuant to New York Correction Law § 168-d (the "Sex Offender Registration Act" or "SORA") and advised him that he would be obligated to register as a sex offender in New York. See id.

At an October 17, 2018 hearing, the Board denied Peoples discretionary release to parole and mandated that he be held until June 7, 2019, his maximum expiration date. See id. at 5. The Board also imposed thirty-six Special Conditions. See id. at 6. In May 2019, pursuant to a recommendation by the Board of Examiners of Sex Offenders, the Honorable Ira H. Margulis of the Queens County Supreme Court determined that Peoples' risk level under SORA was three and designated him a "sexually violent offender." See id. at 10. Peoples was released in June 2019. See id. at 10. In August 2019, he was arrested for violating the conditions of his parole. See id. He ultimately pled guilty to tampering with his global positioning system monitoring device and removing it from his ankle and was ordered held for eighteen months. See id.

Peoples challenges twenty-six of his Special Conditions on constitutional grounds. See id. at 6–10. In their Motion, Defendants argued that: (1) Peoples' claims for monetary damages are barred by the Eleventh Amendment; (2) the First and Fourteenth Amendment claims related to the Special Conditions must be dismissed, because the conditions were

2

reasonably related to Peoples' crimes and tailored to serve legitimate state interests; (3) judicial immunity bars Plaintiff's claims against Alexander; (4) Stanford was not liable in her individual capacity, because she was not personally involved in the October 2018 determination; and (5) all Defendants are entitled to qualified immunity with respect to Peoples' First and Fourteenth Amendment claims. See id. at 14.

Magistrate Judge Lovric granted the Motion to the following extent: Peoples' claims for monetary damages against Defendants in their official capacities were dismissed; Peoples' constitutional claims were dismissed with respect to eleven of the challenged Special Conditions; and his claims for monetary damages against Stanford in her individual capacity were dismissed. Magistrate Judge Lovric also dismissed Peoples' claims against Jane Doe and John Doe, and Peoples' claims for injunctive and declaratory relief against Leon, sua sponte. See id. at 58.

The magistrate judge permitted Peoples' First and Fourteenth Amendment claims related to the fifteen remaining Special Conditions to proceed, as well as his claims for injunctive relief against Stanford in her official capacity. Further, Magistrate Judge Lovric denied Defendants' Motion with respect to the issues of judicial immunity and qualified immunity. See id. at 58–59.

Peoples and Defendants have each objected to portions of the Report-Recommendation. Dkt Nos. 90 ("Peoples' Objections"); 95 ("Defendants' Objections").

### III.   STANDARDS OF REVIEW

#### A. Report-Recommendation

Within fourteen days after a party has been served with a copy of a magistrate judge's report-recommendation, the party "may serve and file specific, written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b); L.R. 72.1(c). If objections are timely

filed, a court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b). However, if no objections are made, or if an objection is general, conclusory, perfunctory, or a mere reiteration of an argument made to the magistrate judge, a district court need review that aspect of a report-recommendation only for clear error. Barnes v. Prack, No. 11-CV-857, 2013 WL 1121353, at *1 (N.D.N.Y. Mar. 18, 2013); Farid v. Bouey, 554 F. Supp. 2d 301, 306–07 (N.D.N.Y. 2008), abrogated on other grounds by Widomski v. State Univ. of N.Y. at Orange, 748 F.3d 471 (2d Cir. 2014). "A [district] judge . . . may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." § 636(b).

    **B. Summary Judgment**

Federal Rule of Civil Procedure 56 instructs courts to grant summary judgment if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if it "might affect the outcome of the suit under the governing law," and a dispute is "'genuine' . . . if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Thus, while "[f]actual disputes that are irrelevant or unnecessary" will not preclude summary judgment, "summary judgment will not lie if . . . the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id.; see also Taggart v. Time, Inc., 924 F.2d 43, 46 (2d Cir. 1991) ("Only when no reasonable trier of fact could find in favor of the nonmoving party should summary judgment be granted.").

The party seeking summary judgment bears the burden of informing the court of the basis for the motion and identifying those portions of the record that the moving party claims will

demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Similarly, a party is entitled to summary judgment when the nonmoving party has failed "to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Id. at 322.

## IV.   DISCUSSION

The Court addresses each side's objections, in turn. For the reasons that follow, the Report-Recommendation withstands all objections.

### A.  Constitutional Claims Related to Special Conditions

Parolees are entitled to some form of due process in the imposition of special conditions of parole. Pollard v. U.S. Parole Comm'n, No. 15-CV-9131, 2016 WL 3167229, at *4 (S.D.N.Y. June 6, 2016) (citing U.S. v. Green, 618 F.3d 120, 122 (2d Cir. 2010)). This "limited due process right" entitles a parolee to conditions of parole that are reasonably related to his prior conduct or to a legitimate government interest such as rehabilitation, the prevention of recidivism and future offenses, and protection of the public. See Singleton v. Doe, No. 14-CV-0303, 2014 WL 3110033 at *3 (E.D.N.Y. July 7, 2014); U.S. v Myers, 426 F.3d 117, 123–24 (2d Cir. 2005) (summary order); Robinson v. Pagan, No. 05-CV-1840, 2006 WL 3626930, at *6 (S.D.N.Y. Dec. 12, 2006); Yunus v. Robinson, No. 17-CV-5839, 2019 WL 168544, at *20 (S.D.N.Y. Jan. 11, 2019). "If a special condition implicates a fundamental liberty interest," the court "must carefully examine it to determine whether it is reasonably related to the pertinent factors, and involves no greater deprivation of liberty than is reasonably necessary[.]" Myers, 426 F.3d at 126 (internal quotation marks omitted). Courts "must use common sense to guide [their] interpretation of supervised release conditions." U.S. v. Moritz,

651 Fed. App'x 807, 810 (10th Cir. 2016) (citations omitted).

### B. Peoples' Objections

Plaintiff's Objections pertain to three Special Conditions of parole that Magistrate Judge Lovric held were constitutional.

Special Condition 14 provides, "I will comply with geographical restrictions as directed by [the Parole Officer]." See R. & R. at 26. Peoples alleged in his Complaint that he had a constitutional right to travel within the state. See R. & R. at 27 (citing Peoples' Mem. of Law at 11). The magistrate judge noted that parole limitations on travel and association are generally constitutional, and that Special Condition 14 was justified under the circumstances, based on evidence that Peoples had a history of leaving the state without permission, failing to appear for court appearances, and tampering with his GPS monitoring device. See id.

Peoples objects that he is not an "offender subject to civil-management . . . making the imposition of a 'GPS' ankle-monitor [as] a special condition of parole unconstitutional." Peoples' Objs. at 2. This argument is improperly raised for the first time in objections. See Ross v. Koenigsmann, No. 14-CV-1321, 2016 WL 5408163, at *2 (N.D.N.Y. Sept. 28, 2016) ("[A] district court will ordinarily refuse to consider an argument that could have been, but was not, presented to the magistrate judge in the first instance."). In any case, the argument lacks merit: regardless of whether Peoples is subject to civil management, see N.Y. Mental Hygiene Law Article 10, the Board can require GPS monitoring if the restriction is reasonably related to Peoples' prior conduct. Cf. Lando v. Annucci, No. 18-CV-1472, 2021 U.S. Dist. LEXIS 41935, at *15 (N.D.N.Y. Mar. 4, 2021) (report-recommendation) (denying motion to dismiss due process challenge to GPS monitoring condition when the condition had no basis in past conduct).

Special Condition 16 provides, "I will not us[e] or possess any medications or supplements designed or intended for the purpose of enhancing sexual performance or treating erectile dysfunction without the written permission of my parole officer and the approval of his or her area supervisor." See R. & R. at 31. Peoples argued that this condition violated his right to privacy by interfering with his marital relationship, and that the condition was analogous to "penile plethysmography testing." See id.; Peoples's Mem. of Law at 12–13. The magistrate judge found that this condition was reasonably related to Peoples' criminal history as a sex offender and to the goal of ensuring public safety. See R. & R. at 31. In his objections, Peoples repeats the argument that Special Condition 16 is analogous to penile plethysmography testing and is thus unconstitutional. See Peoples' Objs. at 2; see also United States v. McLaurin, 731 F.3d 258 (2d Cir. 2013) (invalidating a special condition mandating penile plethysmography). Since the magistrate judge did not address this argument, the Court reviews it de novo. Having done so, the Court rejects Peoples' contention that restricting the use of drugs for improving sexual performance is analogous to requiring the invasive penile plethysmography procedure.[1]

Special conditions 3, 4, and 8 require Peoples to participate in a substance abuse treatment program, an alcohol abuse treatment program, and "anti-aggression/anti-violence counseling," respectively. See R. & R. at 22 (citing Peoples' Mem. of Law at 10). Peoples argued

---

[1] "This examination involves the use of a device known as a plethysmograph which is attached to the subject's penis. In some situations, the subject apparently may be required, prior to the start of the test, to masturbate so that the machine can be 'properly' calibrated. The subject is then required to view pornographic images or videos while the device monitors blood flow to the penis and measures the extent of any erection that the subject has. The size of the erection is, we are told, of interest to government officials because it ostensibly correlates with the extent to which the subject continues to be aroused by the pornographic images." McLaurin, 731 F.3d at 259.

that the imposition of these conditions was arbitrary and capricious, because he had satisfactorily completed "Aggression Replacement Training" and "Alcohol and Substance Abuse Treatment" while in prison and has since been sober. See id. The magistrate judge found that these Special Conditions were reasonably related to legitimate penological objectives and to Peoples' history of violence and drug use. See id. at 22–25. In his objections, Peoples improperly raises new arguments. See Peoples' Objs. at 3; see Ross, 2016 WL 5408163, at *2 . The Court finds no clear error in the magistrate judge's analysis.

Accordingly, having reviewed the portions of the magistrate judge's Report-Recommendation to which Peoples objected, the Court adopts them.

**C. Defendants' Objections**

Defendants object to the magistrate judge's findings with respect to the constitutionality of certain special conditions, his conclusion that Alexander is not entitled to judicial immunity, his conclusion that a claim for injunctive relief should proceed against Stanford, and his conclusion that Defendants are not entitled to qualified immunity. See generally Defs.' Objs.

Defendants dispute the magistrate judge's findings regarding Special Conditions 11, 18, 20–31, and 33. See Defs.' Obj. at 4–7. With respect to all but Special Condition 11, Defendants offer only a general objection that the Report-Recommendation is incorrect. Defendants ask this Court to review Alexander's declaration and Defendants' summary judgment brief in full, and assert that once the Court does so, it will realize the wisdom of Defendants' arguments:

> Due to the length of the analysis in question, and with the knowledge that this Court will be reviewing Defendants' motion papers in their entirety, for the sake of brevity, Defendants respectfully refer the Court to that extensive discussion for a more detailed discussion and analysis of special conditions 11, 18, 20, 21, 22, 23, 24, 25, 26, 27,

8

>28, 29, 30, 31, and 33, and the rationale for applying them to this particular Plaintiff in light of the relevant facts and circumstances, and incorporate that discussion herein.

Defs.' Objs. at 6. The Court reviews this objection under the same standard of review that would apply if Defendants had made no objection at all. See Barnes, 2013 WL 1121353, at *1. Having reviewed the relevant portions of the magistrate judge's detailed and thoughtful opinion, the Court finds no clear error.

With respect to Special Condition 11, Defendants offer a marginally more specific objection. Special Condition 11 provides, "I will comply with all case specific sex offender conditions to be imposed by the P.O." See R. & R. at 46. The magistrate judge found that this condition was unconstitutionally vague, as it does not provide Peoples with notice of what conduct will result in his being returned to prison. See id. at 46. Defendants direct the Court's attention to Alexander's statement in her declaration that the condition "simply 'authorizes Plaintiff's parole officer to impose "case specific" sex offender conditions of release based on Plaintiff's individual case and circumstances,' and is thus, 'specifically tailored to Plaintiff as he is indeed a sex offender and it simply enables the calibration of his conditions according to his particular risk factors and criminogenic needs.'" See Defs.' Objs. at 7 (quoting Dkt. 71-2 ¶ 49 (D)). The magistrate judge already addressed this evidence. See R. & R. at 46. But as the Report-Recommendation notes, Defendants failed to offer any legal argument or case law in support of their Motion with respect to Special Condition 11. See id. They still do not. Defendants' mere reiteration of an initially perfunctory argument merits review for clear error. See Barnes, 2013 WL 1121353, at *1. The Court finds none.

Next, Defendants object to the magistrate judge's finding that Alexander is not entitled to

judicial immunity. In their Motion, Defendants argued that Alexander was entitled to absolute immunity, because the Board, in imposing the Special Conditions, was serving a quasi-judicial function, and a parole board official is entitled to absolute immunity when she performs a quasi-adjudicative role. See Defs.' Mem. of Law at 17–18. The magistrate judge denied the Motion with respect to judicial immunity based on Defendants' failure to address nuances in the doctrine of judicial immunity as applied to parole board officials. See R. & R. at 53. Namely, while certain functions of a parole board, such as granting, denying, and revoking parole, are generally quasi-judicial, the imposition of special conditions is under some circumstances a merely administrative function. See id. (collecting cases). Defendants did not address the question of why the imposition of special conditions was in this case judicial. In other words, in neglecting to argue a complex, fact-intensive question by identifying the relevant legal principles and applying them to the evidence, Defendants failed to meet their burden of persuasion. See 11 MOORE'S FEDERAL PRACTICE - Civil § 56.40 (2021) ("[T]he moving party bears an ultimate burden of persuading the court that a trial is unnecessary."); id. at § 56.20 ("[T]he movant must identify and establish the legal principles that entitle it to judgment as a matter of law[.]"); Celotex Corp. v. Catrett, 477 U.S. 317, 330–331 & n.2 (1986) ("The burden of persuasion imposed on a moving party by Rule 56 is a stringent one. Summary judgment should not be granted unless it is clear that a trial is unnecessary.") (citations omitted). They now present five pages of new arguments and factual analysis in an attempt to meet this burden after the fact. See Defs.' Objs. at 9–13. The Court cannot consider these arguments. See Ross, 2016 WL 5408163, at *2. Having otherwise reviewed this portion of the Report-Recommendation for clear error, the Court finds none.

Further, Defendants object to the magistrate judge's denial of their Motion with respect to

Peoples' claim for injunctive relief against Stanford. See Defs.' Objs. at 13–15. The magistrate judge correctly found that Defendants failed to address whether Stanford was properly named for purposes of injunctive relief, instead focusing exclusively on her personal involvement for purposes of monetary relief. See R. & R. at 52; Defs. Mem. of Law 18–23. A defendant need not have been personally involved in a constitutional violation to be properly named in her official capacity for purposes of injunctive relief. See Smith v. Perez, No. 19-CV-1758, 2020 WL 2307643, at *6 (D. Conn. May 8, 2020) (noting that a claim for injunctive relief can only proceed against defendants who "plausibly have the authority to grant the prospective relief"); Vaughan v. Aldi, No. 19-CV-107, 2019 WL 1922295, at *2 (D. Conn. Apr. 29, 2019) (prison warden was proper defendant for official capacity claim seeking injunctive relief even though he lacked personal involvement in alleged constitutional violation). In their objections, Defendants reiterate their initial irrelevant argument that Stanford was not personally involved in any alleged constitutional violation. See Defs.' Objs. at 13–15. This reiteration warrants review for clear error. See Barnes, 2013 WL 1121353, at *1. There is none.

    Defendants additionally object to the magistrate's finding that they are not entitled to qualified immunity. In this portion of their objections, Defendants recount the nature of Peoples' crimes, and then appear to assert that due to the serious nature of his offenses, he does not have *any* "clearly established" constitutional rights pertaining to the imposition of special conditions. See Defs.' Objs. at 17. This perfunctory, legally unsupported argument merits clear error review. See Barnes, 2013 WL 1121353, at *1. Aside from this objection, Defendants argue in general terms that the Special Conditions were sufficiently tailored. This also warrants clear error review. See id. The Court finds no clear error.

11

Finally, Defendants assert that they are entitled to Eleventh Amendment immunity, see Defs.' Objs. at 25, even though there are no remaining damages claims against Defendants in their official capacities, see R. & R. at 58. Under any standard of review, the magistrate judge did not err.

Having reviewed the remaining portion of the Report-Recommendation, to which the parties have not objected, the Court finds no clear error.

## V.   CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that the Report-Recommendation (Dkt. No. 89) is **APPROVED and ADOPTED in its entirety**; and it is further

**ORDERED**, that Defendants' motion for summary judgment (Dkt. No. 71) is **GRANTED in part and DENIED in part.** The motion is **DENIED** as to Plaintiff's First and Fourteenth Amendment claims related to Special Conditions 11, 18, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, and 33; Plaintiff's claims for injunctive relief against Stanford in her official capacity; the issue of judicial immunity; and the issue of qualified immunity. Plaintiff's claims against Jane Doe and John Doe, and Plaintiff's claims for injunctive and declaratory relief against Leon are **DISMISSED** sua sponte. Defendant's motion is **GRANTED** as to Plaintiff's claims for monetary damages against Defendants in their official capacities; Plaintiff's First and Fourteenth Amendment claims related to Special Conditions 3, 4, 8, 10, 14, 15, 16, 32, 34, 35, and 36; and Plaintiff's claims for monetary damages against Stanford in her individual capacity; and it is further

     **ORDERED**, that the Clerk **TERMINATE** John Doe and Jan Doe from the docket; and it is further

     **ORDERED**, that the Clerk serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

     **IT IS SO ORDERED.**

DATED:    March 16, 2021
             Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge